KOG:USAO#2023R00736

hmg.5.29.24

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

USDC- BALTIMORE
'24 MAY 30 PM 2:25

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL NO. DLB-24-177 |
| | : **(Conspiracy to Commit Wire Fraud,** |
| MINH PHUONG NGOC VONG | : **18 U.S.C. § 1349; Forfeiture, 18 U.S.C.** |
| | : **§ 981(a)(1)(G), 21 U.S.C. § 853(p); 28** |
| and | : **U.S.C. § 2461(c))** |
| | : |
| JOHN DOE, | : |
| | : |
| a/k/a William James, | : |
| | : |
| Defendants. | : |
| | : |

..oOo...

### INDICTMENT

### COUNT ONE

(Conspiracy to Commit Wire Fraud)

The Grand Jury for the District of Maryland charges:

### Introductory Allegations

At all times relevant to this Indictment:

### A. Relevant Persons and Entities

1.      **MINH PHUONG NGOC VONG ("VONG"),** a native of Vietnam and a naturalized United States citizen, was a resident of Bowie, Maryland.

2.      **JOHN DOE**, a/k/a William James ("**DOE**"), whose true identity is not known to the Grand Jury, was an individual located in Shenyang, China.

1

3.      Company 1, located in Virginia, was engaged in the business of software development, including providing software development services to various United States Government entities.

4.      The Federal Aviation Administration ("FAA") was a federal agency headquartered in Washington D.C. Among other things, the FAA managed and disseminated sensitive information regarding national defense matters to other federal agencies as part of its national defense program.

5.      Money Service Transmitter 1 was a financial services company that provided online money transfer and digital payment services throughout the world.

6.      First Century Bank was a financial institution that served as an automated clearing house for Money Service Transmitter 1. As the automated clearing house for Money Service Transmitter 1, First Century Bank would receive funds electronically from the Federal Reserve for the benefit of a Money Service Transmitter 1customer and then automatically transfer those funds by wire to Money Service Transmitter 1 for crediting to the particular Money Service Transmitter 1 customer's account.

### The Conspiracy and Scheme to Defraud

7.      Beginning in or before January 2023, and continuing until in or about August 2023, in the District of Maryland and elsewhere,

**MINH PHUONG NGOC VONG**

**and**

**JOHN DOE, a/k/a William James**

the defendants, did knowingly and unlawfully conspire, combine, confederate and agree with each other, and with other persons known and unknown to the Grand Jury, to knowingly devise

2

a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises ("the scheme to defraud") from Company 1, and for the purpose of executing and attempting to execute the scheme to defraud did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce certain writings, signs, signals, and sounds in furtherance of such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Object of the Conspiracy and Scheme to Defraud

8. The object of the conspiracy and scheme to defraud was for **VONG** to obtain employment as a remote software developer at Company 1 through false and fraudulent representations about his education, training and work experience so that **DOE**, posing as **VONG**, could perform the software work, thereby causing Company 1 to issue salary payments to **VONG**, portions of which **VONG** would cause to be transmitted electronically to overseas bank accounts held in the name of another person (hereinafter "P.L.B.").

### Manner and Means of the Conspiracy and Scheme to Defraud

9. It was part of the conspiracy and scheme to defraud that on or about January 30, 2023, a conspirator caused a Virginia-based recruiting company to submit a false and fraudulent resume in the name of **VONG** to Company 1 for the position of Full Stack Web Application Developer, a position which required that the applicant be a United States citizen.

10. It was further part of the conspiracy and scheme to defraud that in or around February 2023, **DOE**, posing as **VONG**, participated in an online video job interview for the web developer position with Company 1's Senior Developer.

11. It was further part of the conspiracy and scheme to defraud that **DOE** and **VONG**, using an online messaging application, communicated about the remote software developer job

at Company 1, the steps that **VONG** needed to take in order to get hired for the position, and various matters that arose during the time that **VONG** was ostensibly performing the job at Company 1.

12.     It was further part of the conspiracy and scheme to defraud that on or about March 28, 2023, **VONG** participated in an online video job interview with the Chief Executive Officer of Company 1 in which **VONG** verified his identity and citizenship status during the interview by holding up to the screen his Maryland driver's license and U.S. passport.

13.     It was further part of the conspiracy and scheme to defraud that on or about March 24, 2023, **DOE**, using the moniker "william james," and **VONG** engaged in the following conversation over the online messaging application:

| | |
|---|---|
| **DOE:** | btw bro, I need you to go and get piv card again… new job |
| ……….. | |
| **VONG:** | I [sic] for FAa piv card? |
| **DOE:** | yes |
| **VONG:** | What company is our joba [sic] |
| **DOE:** | [Company 1] |

14.     It was further part of the conspiracy and scheme to defraud that between in or about March 2023 and on or about July 14, 2023, after Company 1 had hired **VONG** and assigned him to work on a contract for the FAA, **DOE**, while in China, using **VONG**'s computer access credentials,  performed the software development work and participated online in internal work meetings and meetings with FAA contract representatives, all the while pretending to be **VONG** working remotely from Bowie, Maryland.

15. It was further part of the conspiracy and scheme to defraud that the conspirators caused Company 1 to pay **VONG** more than $25,000 in gross wages for work that **VONG** never performed.

16. It was further part of the conspiracy and scheme to defraud that the conspirators maintained a Money Service Transmitter 1 account ending in 6801 ("Account 6801"), which was listed in the name of **VONG,** and was used to transfer portions of Company 1's salary payments to **VONG** to overseas bank accounts that were held in the name of P.L.B.

17. It was further part of the conspiracy and scheme to defraud that between on or about June 22, 2023, and on or about July 25, 2023, **VONG** authorized Company 1 to directly deposit, by way of wire communications, more than $7,000 into Account 6801 account through First Century Bank.

18 U.S.C. § 1349

## FORFEITURE NOTICE

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), as a result of the defendants' conviction on this Indictment.

2. Upon conviction of the offense alleged in this Indictment, the defendants,

**MINH PHUONG NGOC VONG**

**and**

**JOHN DOE, a/k/a William James**

shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense.

3. The property to be forfeited includes, but is not limited to, a sum of money equal to the value of the proceeds of the scheme to defraud, which amount is at least $28,324.33.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

18 U.S.C. §§ 981(a)(1)(C)
21 U.S.C. § 853(p);
28 U.S.C. § 2461(c);

Erek L. Barron
United States Attorney

A TRUE BILL:

5/30/2024

**SIGNATURE REDACTED**