**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. DLB-24-0177 |
| | * | |
| MINH PHUONG NGOC VONG, | * | |
| | | |
| and | * | |
| | | |
| JOHN DOE, | * | |
| | | |
| a/k/a William James, | * | |
| | * | |
| Defendants. | * | |

******* 

**GOVERNMENT'S CONSENT MOTION
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through its undersigned attorneys, hereby submits this Consent Motion to Exclude Time Pursuant to the Speedy Trial Act, and states as follows:

1. On May 16, 2024, U.S. Magistrate Judge Adam B. Abelson issued a criminal complaint charging the defendant, Minh Phuong Ngoc Vong, with one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Vong had his initial appearance that same day, and he is on release under pretrial supervision pending trial.

2. On May 30, 2024, a federal grand jury in the District of Maryland returned an Indictment charging Vong and John Doe, a/k/a William James, with the same wire fraud conspiracy.

3. On June 6, 2024, Julie Reamy entered her appearance on behalf of Vong.

4. Vong was arraigned on June 28, 2024. A trial date has not been scheduled.

5. On June 14, 2024, the Court granted the parties' consent motion to exclude the

1

time from May 30, 2024 until July 19, 2024 from computation under the Speedy Trial Act.  ECF 17.

6. The Speedy Trial Act provides: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

7. The Act excludes "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Among the factors a court must consider in  granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice"; "[w]hether the case is so unusual or complex …that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself  within the time limits …"; or whether failure to grant a continuance "would unreasonably deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §§ 3161(h)(7)(B)(i), (ii) and (iv).

8. In addition, the 70-day period within which trial must commence excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to" "delay resulting from any pretrial motion" or "delay resulting from consideration by the court of a proposed plea agreement."  *See* 18 U.S.C. § 3161(h)(1); *see also United States v. Hart*, 91 F. 4th 732 (4th Cir. 2024) (although time spent engaging in plea negotiations is not

2

automatically excluded under the Speedy Trial Act, it may be excluded based on an ends-of-justice finding by the court).

9.      This is a complex case involving allegations of wire fraud conspiracy involving Mr. Vong and one or more foreign nationals living outside the United States.  The discovery is voluminous and includes, but is not limited to, reports, bank and employment records, digital communications, forensic extractions of laptops and cell phones, body worn camera footage, and pole camera footage.  Government counsel made an initial discovery production on June 14, 2024 and expects to make a second discovery production in the near future.

10.      On July 16, 2024, government counsel spoke to the defendant's counsel, Julie Reamy.  Ms. Reamy stated that she needs additional time to familiarize herself with the voluminous discovery in the case.  The parties also discussed a possible resolution of the case short of trial.

11.      Based on the foregoing, the government submits that the ends of justice will be served by a reasonable continuance of the speedy trial date and that a continuance outweighs the interests of the defendant and of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). As detailed above, the grounds for a reasonable continuance include (1) the need to allow additional time for the defendant's counsel to familiarize herself with this complex case and to review the extensive discovery, and (2) the need to allow additional time for the parties to continue discussions of a possible pre-trial resolution of the case.

12.      Accordingly, the parties request that the calculations under the Speedy Trial Act of the time in which the trial in this case must commence exclude the period between May 30, 2024, and October 19, 2024.

13.      Undersigned counsel represents that counsel for the defendant has advised that

she consents to this motion and proposed order.

WHEREFORE, the government respectfully requests that this Court enter an order excluding from speedy trial calculations the period from **May 30, 2024** through and including **October 19, 2024**. A proposed order is attached for the Court's consideration.

Respectfully submitted,

Erek L. Barron
United States Attorney

_____

Christina A. Hoffman
Kathleen O. Gavin
Assistant United States Attorneys
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

FILED VIA ECF-MD