**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. DLB-24-0177 |
| | * | |
| MINH PHUONG NGOC VONG, | * | |
| | | |
| and | * | |
| | | |
| JOHN DOE, | * | |
| | | |
| a/k/a William James, | * | |
| | * | |
| Defendants. | * | |

*******

**GOVERNMENT'S CONSENT MOTION
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through its undersigned attorneys, hereby submits

this Consent Motion to Exclude Time Pursuant to the Speedy Trial Act, and states as follows:

1. On May 16, 2024, U.S. Magistrate Judge Adam B. Abelson issued a criminal

complaint charging the defendant, Minh Phuong Ngoc Vong, with one count of conspiracy to

commit wire fraud in violation of 18 U.S.C. § 1349. Vong had his initial appearance that same

day, and he is on release under pretrial supervision pending trial.

2. On May 30, 2024, a federal grand jury in the District of Maryland returned an

Indictment charging Vong and John Doe, a/k/a William James, with the same wire fraud

conspiracy. Doe has not yet been apprehended, despite the due diligence of the investigating

agents.

3. On June 6, 2024, Julie Reamy entered her appearance on behalf of Vong. Vong

was arraigned on June 28, 2024. A trial date has not been scheduled.

1

4.      On June 14, 2024, July 19, 2024, and again on October 23, 2024, the Court granted the parties' consent motions for exclusions under the Speedy Trial Act, which had the total effect of excluding the time from May 30, 2024 until January 17, 2025.  ECF 17, 21, 25.

5.      The charge at issue is a serious one presenting potentially complex factual and legal considerations.   Following Vong's initial appearance, the government produced voluminous discovery, including, but not limited to, reports, bank and employment records, digital communications, forensic extractions of laptops and cell phones, body worn camera footage, and pole camera footage.  Defense counsel is continuing to review these materials and discuss them with her client.

6.      In addition, since at least September 2024, the parties have been discussing the potential of resolving the case short of trial.  A plea disposition would serve the ends of justice because it would allow the parties to enter into a mutually acceptable and beneficial disposition and would also preserve the resources that might otherwise be expended in a trial.

7.      As such, the parties desire an exclusion of time to enable the further review of discovery, including discussion of the discovery with the Defendant, and to engage in plea discussions before a trial date is set.  Specifically, the parties are seeking an exclusion of time from **May 30, 2024, through and including March 14, 2025**, for these purposes.

8.      The Speedy Trial Act provides: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In a multi-defendant case, the speedy trial clock begins to run from the date the last-named

defendant makes his initial appearance before a judicial officer. *See Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); *United States v. Jarrell*, 147 F.3d 315, 316 (4th Cir. 1998).

9. The Act excludes "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Among the factors a court must consider in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice"; "[w]hether the case is so unusual or complex …that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits …"; and whether failure to grant a continuance "would unreasonably deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §§ 3161(h)(7)(B)(i), (ii) and (iv).

10. In addition, the 70-day period within which trial must commence excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to" "delay resulting from any pretrial motion" or "delay resulting from consideration by the court of a proposed plea agreement." *See* 18 U.S.C. § 3161(h)(1); *see also United States v. Hart*, 91 F. 4th 732 (4th Cir. 2024) (although time spent engaging in plea negotiations is not automatically excluded under the Speedy Trial Act, it may be excluded based on an ends-of-justice finding by the court).

11. In light of the foregoing, the parties submit that the ends of justice will be served by a reasonable continuance of the speedy trial date and that a continuance outweighs the interests of the defendant and of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). As detailed

above, the grounds for a reasonable continuance include (1) the need to allow additional time for defense counsel to familiarize herself with this complex case, review the extensive discovery, and confer with her client, and (2) the need to allow additional time for the parties to continue discussions of a possible pre-trial resolution of the case.  Given this, the parties believe that holding a trial within 70 days would deny counsel for the Defendant and the attorney for the Government the reasonable time necessary for effective preparation.

12.     Counsel for the Defendant has advised that she consents to this motion and proposed order.

WHEREFORE, the parties respectfully request that this Court enter an order excluding from speedy trial calculations the period from **May 30, 2024, through and including March 14, 2025.**  A proposed order is attached for the Court's consideration.

Respectfully submitted,

Erek L. Barron
United States Attorney

_____
Christina A. Hoffman
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

FILED VIA ECF-MD